UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANINE RUBINSTEIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VIVID SEATS INC.,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Janine Rubinstein brings this action on behalf of herself, and all others similarly situated against Vivid Seats Inc. ("Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action based on Vivid Seats Inc.'s ("Defendant") failure to properly disclose the total cost for the purchase of tickets to New York based places of entertainment on its website, www.vividseats.com, in violation of New York's Arts and Cultural Affairs Law ("ACAL") § 25.07(4).

2. ACAL § 25.07(4) was recently enacted, effective August 29, 2022, to demand greater price transparency from ticket sellers. The law requires that all ticket sellers list the total cost of a ticket, inclusive of mandatory fees, before the consumer selects the tickets for purchase to allow consumers to make more informed decisions.

3. Specifically, ACAL § 25.07(4) requires that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must

be paid in order to purchase the ticket." *Id*. "Such disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id*

4. Defendant has violated this law by failing to disclose additional "fees" (the "Fee") which increases the total cost of the ticket during the purchase process but is only disclosed *after* the ticket is selected for purchase. The Fee is added to the total cost of the ticket price regardless of the delivery method of the ticket.

5. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers from Defendant's website, for actual and/or statutory damages, reasonable attorneys' fees and costs, and injunctive relief under ACAL § 25.33.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant. Defendant sold at least 100,000 tickets to New York places of entertainment through its website during the applicable class period, and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

7. This Court has personal jurisdiction over Defendant because Defendant owns and operates a ticket resale website that sells tickets to places of entertainment all throughout New York.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this action occurred in this District.

## PARTIES

9. Plaintiff Janine Rubinstein is an individual consumer who, at all times material hereto, was a citizen and resident of Levittown, New York. Plaintiff purchased eight tickets to a New York Mets baseball game at Citi Field in Queens, New York on August 2, 2023, from Defendant's website: https://www.vividseats.com/. The transaction flow process she viewed on Defendant's website was substantially similar to that depicted in Figures 1 through 2 in this Complaint.

10. Defendant Vivid Seats Inc. is a Delaware corporation with its principal place of business in Chicago, Illinois. Defendant owns and operates the ticket resale website, www.vividseats.com, and sells tickets to places of entertainment all throughout New York.

## RELEVANT FACTUAL ALLEGATIONS

11. When a customer visits Defendant's website to purchase a ticket for a New York based event, she is first presented with ticket prices when she selects a particular event as follows:



**Figure 1**

12. Regardless of which ticket the customer selects, the purchase price that customer

is offered is misleading as it is not the total cost of the ticket, inclusive of all fees.

13. It is only *after* the customer selects a ticket that Defendant discloses a "Fee" (in this case $29.10, or more than 25% of the purchase price) which increases the total cost of the ticket during the purchase process on every ticket purchase. *See* Figure 2, below.

14. The "Fee" which is added on every ticket during the purchase process appears as follows:



**Figure 2**

15. Therefore, as displayed in the example in Figure 2, the total ticket cost for a Promenade Outfield 504 seat is $109.10, despite Defendant's lower misleading representation of $80.00 when a consumer first selects this ticket for purchase. *Compare* Figure 1 *with* Figure 2.

4

16. Defendant's practice of failing to disclose the total ticket price prior to the ticket being selected for purchase, which increases the cost of the ticket that a purchaser must pay just to purchase the ticket is in violation of ACAL § 25.07(4).

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

17. Effective August 29, 2022, New York enacted Arts & Cultural Affairs Law § 25.07(4), which provides that "[e]very operator or operator's agent of a place of entertainment… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, <u>or any other fee</u> or surcharge to the purchaser. Such <u>disclosure</u> of the <u>total cost</u> and fees shall be displayed in the ticket listing <u>prior to</u> the ticket being <u>selected for purchase</u>." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id.*; *Compare with* Figures 1 through 2.

18. Shortly after the law was enacted, ticketing websites peppered the State of New York's Division of Licensing Services with questions about the scope of the law. As explained by the Division of Licensing Services, "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices." *See* N.Y. Dep't of State, Div. Licens. Servs., *Request for Additional Guidance – New York State Senate Bill S.9461*, attached hereto as **Exhibit A**, at 1. "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser <u>should not then have to search for the total price</u> of the ticket <u>as the purchaser proceeds through the purchasing process</u>, it should continue to be readily available to the purchaser." *Id*. at 2 (emphasis added). "In short, the ticket listing must include the total cost of the ticket, <u>with a breakdown of</u>

5

<u>all service charges, fees and surcharges</u>, that the purchaser must pay just to purchase the ticket." *Id.* (emphasis added).

## **CLASS REPRESENTATION ALLEGATIONS**

19. Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets online from Defendant's website, www.vividseats.com, to any New York based place of entertainment on or after August 29, 2022 (the "Nationwide Class"). Excluded from the Nationwide Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

20. Plaintiff also seeks to represent a subclass defined as all individuals in New York who purchased tickets online from Defendant's website, www.vividseats.com, to any New York based place of entertainment on or after August 29, 2022 (the "New York Subclass"). Excluded from the New York Subclass is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

21. Members of the Nationwide Class and New York Subclass are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the hundreds of thousands. The precise number of the Nationwide Class and New York Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Nationwide Class and New York Subclass members may be notified of the pendency of this action by mail, email and/or publication through the ticket purchase records of Defendant.

22. Common questions of law and fact exist as to all the Nationwide Class and New York Subclass members and predominate over questions affecting only individual class members. Common legal and factual questions include, but are not limited to: (a) whether Defendant failed

to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4); (b) whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and (c) whether Defendant failed to disclose its Fee in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

23. The claims of the named Plaintiff are typical of the claims of the Nationwide Class and New York Subclass in that the named Plaintiff sustained damages as a result of Defendant's failure to properly disclose the total ticket cost of its tickets during the online ticket purchase process.

24. Plaintiff is an adequate representative of the Nationwide Class and New York Subclass because Plaintiff's interests do not conflict with the interests of the class members Plaintiff seeks to represent, Plaintiff has retained competent counsel experienced in prosecuting class actions, and Plaintiff intends to prosecute this action vigorously. The interests of class members will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

25. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Nationwide Class and New York Subclass members. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single

adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
### New York Arts & Cultural Affairs Law § 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

26. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

27. Plaintiff brings this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

28. Pursuant to ACAL § 25.07(4), Defendant is a "platform that facilitates the sale or resale of tickets."

29. Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in this Complaint. *See* Figures 1 and 2.

30. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in this Complaint. *See* Figures 1 and 2.

31. Defendant also violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in Figures 1 and 2 of this Complaint.

32. Defendant's "Fee" is an "ancillary fee[] that must be paid in order to purchase the

8

ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

33.  On or about August 22, 2023, Plaintiff purchased tickets to a New York Mets baseball game at Citi Field in Queens, New York on Defendant's website and was forced to pay Defendant's Fee. Plaintiff was harmed by paying this Fee since the total cost was not disclosed to Plaintiff at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

34.  On behalf of herself and members of the Nationwide Class and New York Subclass, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Nationwide Class and New York Subclass, prays for judgment as follows:

(a) For an order certifying the Nationwide Class and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and New York Subclass and Plaintiff's attorneys as Class Counsel to represent the Nationwide Class and New York Subclass members;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff, the Nationwide Class, and the New York Subclass on all counts asserted herein;

(d) For compensatory, statutory, and punitive damages in amounts to be determined

9

by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Nationwide Class and New York Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: February 25, 2024    Respectfully submitted,

**BURSOR & FISHER, P.A**.

By:   */s/ Philip L. Fraietta*
      Philip L. Fraietta

Philip L. Fraietta
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com

Stefan Bogdanovich (*pro hac vice app. forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: sbogdanovich@bursor.com

**DAPEER LAW, P.A.**
Rachel Edelsberg
3331 Sunset Avenue
Ocean, NJ 07712
T: 917-456-9603
rachel@dapeer.com

*Attorneys for Plaintiff*

10